UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Antoine Maurice Moore, | Case No. 3:20-cv-01278 |
| Plaintiff | |
| v. | MEMORANDUM OPINION AND ORDER |
| CCNO Southern Health Partners, et al., | |
| Defendants | |

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Antoine Maurice Moore filed this action under 42 U.S.C. § 1983 against Southern Health Partners, Head Nurse John Pernell, and Executive Director Dennis Sullivan. In the Complaint, Plaintiff alleges he is an inmate at the Corrections Center of Northwest Ohio ("CCNO"). He indicates Southern Heath Partners contracted with CCNO to provide healthcare to inmates. Plaintiff contends that inmates arriving at CCNO are quarantined with inmates already at the facility who may have been exposed to the COVID-19 virus but are asymptomatic. He indicates that the jail does not administer COVID tests to incoming inmates to determine if they are exposing the quarantined inmates to the virus. He indicates he has been placed in a unit with new inmates even though he has shown no symptoms of the disease. He also contends CCNO is not following the disease protocols approved by the Center for Disease Control ("CDC"). He claims this violates his Eighth Amendment rights as secured by the Fourteenth Amendment.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff failed to state a claim against these Defendants. An Eighth Amendment claim has both an objective and a subjective component. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Seriousness is measured in response to "contemporary standards of decency." *Hudson v.*

*McMillian*, 503 U.S. 1,8 (1992). A plaintiff must also establish a subjective element showing the defendant acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to establish the subjective element. Southern Health Partners may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Here, Plaintiff attacks the policies of CCNO, not the policies of Southern Health Partners. He does not allege facts suggesting how Southern Health Partners may have be involved in deciding where inmates are housed within the jail or whether to test all inmates for COVID-19. He cannot hold them liable for decisions made by CCNO personnel.

Similarly, Plaintiff does not allege any facts suggesting that Pernell or Sullivan were responsible for these decisions. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Pernell and Sullivan are not mentioned at all in the body of the Complaint. The Complaint simply contains no facts which reasonably associate them to the claims set forth by plaintiff.

Moreover, the subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety.

*Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010). Because Plaintiff did not include any factual allegations with regard to these Defendants, he did not satisfy the subjective element of his cause of action under the Eighth Amendment.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge